UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charles Lamb, ) | C/A No. 3:13-8-CMC-BHH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| Library People Them, assign on 12/18/2012, in ) | |
| the public Library on 12/15/2012 on 12/18/2012 in ) | |
| the Public Library People Them, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This is a civil action filed by a *pro se* litigant appearing *in forma pauperis*. Pursuant to 28 U.S.C. §636(b)(1), and Local Civil Rule 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court.

## **BACKGROUND**

Charles Lamb ("Plaintiff"), alleges that an un-named employee of the "public library" on Assembly Street, in Columbia, South Carolina, used to allow him to eat in the library, but that, now, he is being stopped from eating in the library. He asks the court to investigate the library people (employees) and make them take lie-detector tests. Then he asks to be "rewarded" by the court if the lie-detector test show them lying about whether or not Plaintiff was previously allowed to eat in the library. Plaintiff does not specifically reference or cite to any federal law or constitutional provision as being the basis for his lawsuit, but the court liberally construes his emphasis on the pubic nature of the library to indicate a possible claim under 42 U.S.C. § 1983 for a violation of Plaintiff's constitutional

rights.[1]  No other possible basis for this court's exercise of its limited jurisdiction over this case is evident from the face of the pleading.

Plaintiff does not provide a name for the library employee who allegedly told him that he could not eat there.  Instead, the court judicially notices that, as he did in many of the civil cases that he filed in the past when he was a prisoner in the South Carolina state prison system, Plaintiff uses the collective term: "people them" to name his only Defendant in this case, perhaps intending to encompass all the people who work at the library.  *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989)("'[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.'"); *Shoup v. Bell & Howell*, 872 F.2d 1178, 1182 (4th Cir. 1989); *Daye v. Bounds*, 509 F. 2d 66 (4th Cir. 1975); *Mann v. Peoples First Nat'l Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving trial court's taking judicial notice of proceedings had before it in prior suit with same parties). Plaintiff's intent in using this terminology is really not clear, but it is clear that he was previously warned by this court that "people them" does not adequately name a person who may be liable to anyone from a civil rights violation.  *Lamb v. Does*, Civil Action No. 8:09-322-CMC-BHH (D.S.C. March 10, 2009)(ECF No. 14).

## **PRO SE REVIEW**

Under established local procedure in this judicial district, a careful review has been

---

[1] As previously stated, the most likely federal statute that would support the type of claim that Plaintiff appears to raise in his Complaint is 42 U.S.C. § 1983.  Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law.  The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails.

2

made of the *pro se* complaint pursuant to the procedur-al provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The Complaint in this case was filed under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(I), (ii). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte. Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe *pro se* pleadings, *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5 (1980)*(per curiam)*. The mandated liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a pleading to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, however, the *pro se* Complaint in this case is subject to summary dismissal.

**DISCUSSION**

In order to state a claim for relief under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). Additionally, in order to assert a viable § 1983 claim against any particular public official, a "causal connection" or "affirmative link" must exist between the conduct of which the plaintiff complains and the official sued. *See Kentucky v. Graham*, 473 U.S. 159 (1985); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir.1983).

It is well settled that only "persons" may act under color of state law, therefore, a defendant in a § 1983 action must qualify as a "person." For example, several courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law. *See Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Additionally, use of the collective term "staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in section 1983 actions. *See Barnes v. Baskerville Corr. Cen. Med. Staff*, No. 3:07CV195, 2008 WL 2564779 (E.D. Va. June 25, 2008).

Plaintiff use of the collective term "people them" as a means to name a defendant in a § 1983 claim does not adequately name a "person" as required under that statute.

Plaintiff has a history of using such collective terms to name defendants in past cases submitted to this court. He has been told several times by this court that use of collective terms to name § 1983 defendants is not proper. *See, e.g.*, Civil Action Nos. 8:08-3558 ("medical staff"); 8:09-105 ("medical agency"); 8:09-322 ("x-ray people them"); 8:09-1656 ("medical staff, people them");
8:09-1854 ("medical staff"). In the face of this litigation history and the information contained in the various reports and orders issued by this court in his previous cases, Plaintiff's current use of the collective term "library people them" to name his only Defendant in this case leads to the conclusion that the Complaint is frivolous, if not malicious in nature.

Furthermore, Plaintiff is reminded that the filing injunction that is currently in place that prevents any further filings from him based on medical claims arising from his past incarceration may be expanded to cover other types of repetitive and knowingly frivolous cases and filings. Plaintiff has previously demonstrated that he is a vexatious and abusive litigant in this court. Therefore, Plaintiff is put on notice that he risks an expanded filing injunction if he continues to make abusive filings. The filing injunction would direct the Clerk of Court to return any civil action submitted to this court by the Plaintiff without an individual "person" clearly named as a defendant, unfiled, unless Plaintiff pays the full statutory filing fee (currently $350.00) at the time any new civil case falling within the coverage of the injunction (arising from Plaintiff's previous incarceration and alleged hand injury *or* with only a collective noun used to name the only defendant or defendants) is submitted for filing.

**PLAINTIFF IS ON NOTICE THAT THIS EXPANDED FILING INJUNCTION WILL BE ORDERED IF HE CONTINUES TO FILE REPETITIVE COMPLAINTS. THIS INJUNCTION WILL ORDER THE CLERK OF**

**COURT'S OFFICE TO RETURN, UNFILED, ANY CASE THAT IS NOT ACCOMPANIED BY THE FILING FEE OR WHICH DOES NOT, IN THE DISCRETION OF THE CLERK'S OFFICE, VIOLATE THE SUBJECT-MATTER AND/OR PLEADING INFIRMITIES COVERED BY THE TERMS OF THE INJUNCTION.**

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice*. *See United Mine Workers v. Gibbs,* 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. at 324-25.

Plaintiff's attention is directed to the important notice on the next page.

s/Bruce Howe Hendricks<br>
United States Magistrate Judge

January 22, 2013
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).